# EXHIBIT "A"

JAMES A. KILPATRICK, ESQUIRE
15 Public Square, Suite 210
Wilkes-Barre, PA  18701
(570) 823-0101
Attorney I.D. No. 84876
Counsel for Plaintiff

---

| | |
|---|---|
| SLATE BAR & LOUNGE, INC.,<br>d/b/a SLATE BAR & LOUNGE,<br>2324 San Souci Parkway<br>Hanover Township, PA  18706 | : IN THE COURT OF COMMON PLEAS<br>:    OF LUZERNE COUNTY<br>:<br>:    ACTION FOR<br>:  DECLARATORY JUDGMENT |
| Plaintiff, | : |
| Vs. | :  CIVIL ACTION - LAW<br>: |
| FOUNDERS INSURANCE COMPANY<br>1111 East Touhy Avenue, Ste. 300<br>P.O. Box 5100<br>Des Plaines, IL  60017-5100 | :<br>:<br>:<br>: |
| Defendant. | : NO. 2015-12373 |

FILED
PROTHONOTARY
LUZERNE COUNTY
2015 NOV -4  PM 2:42

CIVIL ACTION
NOTICE

YOU HAVE BEEN SUED IN COURT. If you wish to defend against the claim set forth in the following
pages, you must take action within twenty (20) days after this complaint and notice are served, by
entering a written appearance personally or by an attorney and filing in writing with the court your
defenses or objections to the claims set forth against you. You are warned that if you fail to do so the
case may proceed without you and a judgment may be entered against you by the court without further
notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff.
You may lose money or property or other rights important to you.
 YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR
TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION
ABOUT HIRING A LAWYER. IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO
PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE
PERSONS AT A REDUCED RATE OR NO FEE.

## AVISO

A USTED SE LE HA DEMANDADO EN LA CORTE. Si usted quiere defenderse contra la demanda expuesta en las siguientes paginas, tiene que tomar accion en un 'plazo de veinte (20) dias despues que reciba esta demanda y aviso, por presentar una notificacion de comparecencia escrita personalmente o por un abogado y radicar por escrito en la Corte sus defensas u objeciones a las demandas presentadas en su contra. Se le advierte que si falla en hacerlo, el caso podria seguir adelante sin usted y un fallo podria ser dictado en su contra por la Corte sin previo aviso por cualquier dinero reclamado en la demanda o por cualquier otro reclamo o desagravio pedido por el/la demandante. Puede que usted pierda dinero o propiedad u otros derechos importantes para usted.

USTED DEBE LLEVAR ESTE DOCUMENTO A SU ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO, DIRIJASE O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ABAJO. ESTA OFICINA PUEDE PROVEERLE CON INFORMACION SOBRE COMO CONTRATAR UN ABOGADO. SI NO TIENE LOS FONDOS SUFICIENTES PARA CONTRATAR UN ABOGADO, ESTA OFICINA PODRIA PROPORCIONARLE INFORMACION ACERCA DE AGENCIAS QUE PUEDAN OFRECERLES SERVICIOS LEGALES A PERSONAS QUE REUNAN LOS REQEQUISITOS A UN HONORARIO REDUCIDO O GRATIS.

North Penn Legal Services, Inc.
33 N. Main Street, Suite 200
Pittston, PA 18640
(570) 299-4100
(877) 953-4250 Toll free
(570) 824-0001 Fax

Servicios Legales de North Penn, Inc.
33 la Calle Main del Norte, Oficina 200
Pittston, PA  18640
(877) 953-4250 Llamada gratuita
(570) 824-0001 Fax

10 1 West Broad Street
Suite 513 Hazleton, P A 18201
(570) 455-9512
(877) 953-4250 Toll free
(570) 455- 3625 Fax 101

101 la Calle Broad del Oeste
Oficina 513
Hazleton, PA  18201
(877) 953-4250 Llamada gratuita
(570) 455-3625 Fax

JAMES A. KILPATRICK, ESQUIRE
15 Public Square, Suite 210
Wilkes-Barre, PA 18701
(570) 823-0101
Attorney I.D. No. 84876
Counsel for Plaintiff

---

| | |
|---|---|
| SLATE BAR & LOUNGE, INC.,<br>d/b/a SLATE BAR & LOUNGE,<br>2324 San Souci Parkway<br>Hanover Township, PA  18706 | : IN THE COURT OF COMMON PLEAS<br>:     OF LUZERNE COUNTY<br>:<br>:     ACTION FOR<br>:  DECLARATORY JUDGMENT |
| Plaintiff, | : |
| | : |
| Vs. | :   CIVIL ACTION - LAW |
| | : |
| FOUNDERS INSURANCE COMPANY<br>1111 East Touhy Avenue, Ste. 300<br>P.O. Box 5100<br>Des Plaines, IL  60017-5100 | :<br>:<br>:<br>: |
| | : |
| Defendant. | : NO. 2015-12373 |

*(stamp: FILED PROTHONOTARY LUZERNE COUNTY 2015 NOV -4 PM 2:42)*

## CIVIL ACTION – COMPLAINT

Plaintiff, Slate Bar & Lounge, Inc., d/b/a Slate Bar & Lounge ("Plaintiff"), by and through its

undersigned counsel, James A. Kilpatrick, Esquire, files this Declaratory Judgment Complaint against

Defendant Founders Insurance Company ("Defendant"), and in support thereof, avers as follows:

1. Plaintiff is a duly registered Pennsylvania corporation with a principal, previous place of

business located at 2324 Sans Souci Parkway, Hanover Township, Luzerne County, Pennsylvania, 18706

(hereinafter referred to as the "Premises").

2. Defendant is an insurance company licensed to do business in the Commonwealth of

Pennsylvania, regularly doing business in Luzerne County, with an office located at 1111 East Touhy

Avenue, Suite 300, P.O. Box 5100, Des Plaines, IL, 60017-5100.

3.  Defendant issued to Plaintiff a Commercial Liquor Liability Policy of Insurance, Policy Number

LLPA000967, effective August 15, 2012 through August 15, 2013 (hereinafter referred to as the

"Policy").  A true and correct copy of the Policy is attached hereto as Exhibit "A" and incorporated herein

by reference.

**COUNT I**
**DECLARATORY JUDGMENT**
**ASSAULT AND/OR BATTERY COVERAGE BUY-BACK**

4.  Plaintiff incorporated by reference paragraphs 1 through 3 as though more fully set forth at

length herein.

5.  The Policy contains an Assault and/or Battery Coverage Buy-Back Endorsement.  See Exhibit

"A".

6.  The Assault and/or Battery Coverage Buy-Back Endorsement provides:

> **THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**
> **ASSAULT AND/OR BATTERY COVERAGE BUY-BACK**
>
> This endorsement modifies insurance provided under the following:
>
> PENNSYLVANIA LIQUOR LIABILITY COVERAGE PART
>
> In consideration of the additional premium charged for this endorsement, subparagraph
> k. Assault and/or Battery of **SECTION I – LIQUOR LIABILITY COVERAGE**, paragraph 2.
> Exclusions to Coverage, shall not apply and coverage for any "injury" that otherwise
> would be excluded by the Assault and/or Battery exclusion referenced herein shall be
> provided subject to the Limits of Insurance shown in the Declarations for this
> endorsement.  The Combined Single Limit and Aggregate Limit applicable to the
> coverage provided by this endorsement shall be the same and shall be shown as a single
> limit in the Declarations on the line on which this endorsement is listed.  Any coverage
> provided under the Limits of Insurance shown in the Declarations for this endorsement
> shall be subject to the Aggregate Limit applicable to the policy.
>
> See Exhibit "A" at PA-LL01 (10/07).

7.  Further, the Policy contains an Insuring Agreement which states as follows:

**SECTION I – LIQUOR LIABILITY COVERAGE**

1.  Insuring Agreement

- We will pay those sums that an "insured" becomes legally obligated to pay as damages because of "injury" to which this insurance applies if liability for such "injury" is imposed on an "insured" by reason of the selling, serving, or furnishing of any alcoholic beverage; and
- We will defend an "insured" against any "suit" seeking those damages.

The amount we will pay for damages is limited as described in LIMITS OF INSURANCE (Section III).  No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments (Paragraph 3 below).

We have no duty to defend an "insured" against any "suit" seeking damages for "injury" to which this insurance does not apply.  We have the right to investigate any "injury," control the defense of any claim or "suit" that may result, and settle any such claim or "suit."  Our right and duty to defend ends when we have exhausted the applicable limit of insurance in the payment of damages.

Subject to Exclusions to Coverage (Paragraph 2 below), this insurance applies to "injury" only if the "injury" occurs as a direct result of an "insured" selling, serving, or furnishing alcoholic beverages on the "insured premises" during the policy period.

See Exhibit "A" at PA-CSL (10/07).

8.  Under the Policy, Assault and/or Battery committed by any "insured", any "employee" of an "insured", or any other person is excluded from coverage pursuant to Section 1(2)(k); however, in the within instance said exclusion does not apply as Plaintiff paid an additional premium and purchased the Assault and/or Battery Coverage Buy-Back.

9.  By virtue of the Insuring Agreement in the Policy, Defendant agreed to defend Plaintiff against any suit seeking damage because of any injury imposed on Plaintiff by reason of the "selling, serving, or furnishing of any alcoholic beverage." See Exhibit "A".

10.  Bruce H. Fine (hereinafter "Fine"), filed a Complaint in the Court of Common Pleas of Luzerne County to case number 2076 of 2013 seeking damages for injuries he allegedly suffered at the Premises on December 8, 2012.  A true and correct copy of Fine's "filed" Complaint is attached hereto and incorporated herein as Exhibit "B".

11. Fine claims that Edwin Cortez was acting as an "agent, ostensible agent, and/or employee of Defendant, Slate Bar and Lounge, as a bouncer/security guard" when he was allegedly injured. See Exhibit "B" at paragraph 4.

12. Fine further claims that at the time of the alleged incident, he and several friends were at the Premises to purchase alcoholic beverages, to wit, a twelve (12) pack of beer. See Exhibit "B" at paragraph 6.

13. Fine avers that Cortez and other alleged employees of Plaintiff requested he and his friends pay a cover charge, which payment was refused. See Exhibit "B" at paragraphs 7, 8 and 9.

14. According to Fine, an altercation ensued and he was assaulted by Cortez, which resulted in a stabbing wound to his abdomen. See Exhibit "B" at paragraph 10.

15. Fine alleges that he sustained injuries including a stabbing wound to his abdomen requiring surgical repair which resulted in inter alia, physical and mental suffering, pain, limitations, inconvenience, loss of life's pleasures and enjoyment, and medical bills and expenses. See Exhibit "B" at paragraphs 19, 20, 21, 22, 23, 24, 25, 26 and 27.

16. Fine avers that Plaintiff was negligent as follows:

a. Failing to properly train its employees, agents, and/or ostensible agents to identify and avoid conduct that could lead to harm to patrons;

b. Failure to properly train its employees, agents, and/or ostensible agents to intervene in situations where the probability of harm to patrons is self-evident;

c. Failure to train its employees, agents, and/or ostensible agents on security techniques;

d. Failure to properly employ experienced security persons;

e. Failure to properly train security persons;

f. Failure to properly clothe a security person in such a way as to make his or her status

as a security person readily apparent;

    g.  Failure to properly monitor the activities and practices of its security personnel;

    h.  Failing to properly intervene, protect, or assist Plaintiff, Bruce Fine, in any way once he was negligently and improperly confronted by Edwin Cortez;

    i.  Failure to keep the business premises under control and safe for its business invitees;

    j.  Failure to adequately recruit, train, maintain, employ and/or supervise its employees, agents, and/or ostensible agents;

    k.  Negligently allowing its employees, agents, and/or ostensible agents to carry knives;

    l.  Corporate negligence;

    m.  Negligence per se;

    n.  Creating hazardous and unsafe conditions in and outside of Slate Bar;

    o.  Failing to warn patrons and business visitors that Slate Bar's agents, employees, and/or ostensible agents were armed with weapons such as knives with three (3) inch blades; and

    p.  Violations of duties imposed under Pennsylvania law and the Restatement of Torts, including, but not limited to, Section 3233.

See Exhibit "B" at paragraph 18.

17.  Pursuant to the Policy, Plaintiff reported the December 8, 2012 incident and a General Liability Notice of Occurrence/Claim was generated by Greenwald Berk Agency, LLC.  A true and correct copy of the Notice of Occurrence/Claim is attached hereto and incorporated herein as Exhibit "C".

18.  Plaintiff cooperated fully with the investigation of the December 8, 2012 incident as called for under the terms of the Policy.

19.  Plaintiff complied fully with all terms and conditions of the Policy including paying a premium to Defendant for the coverages delineated in Exhibit "A".

20. On or about January 25, 2013, Defendant's representative, Curt Fornero, advised Plaintiff that "The facts surrounding this incident are currently too vague to determine at this time whether or not this incident will be covered under the provisions of your policy." A true and correct copy of Curt Fornero's correspondence dated January 25, 2013 is attached hereto and incorporated herein as Exhibit "D".

21. Mr. Fornero further stated in his letter to Plaintiff that "There has been no indication yet given to FIC that Mr. Fine's injury was caused due to Slate's sale, service, or furnishing of alcohol. If Mr. Fine does state that his injury was caused by reason of your service of liquor, FIC will notify you as soon as possible." See Exhibit "D" at page 3.

22. Bruce Fine filed his Civil Complaint on or about February 19, 2013 and attached several documents, including the Criminal Complaint with Affidavits of Probable Cause filed against Edwin Cortez. See Exhibit "B".

23. Defendant's representative, Curt Fornero, was provided with a copy of a surveillance tape taken of the Premises on December 8, 2012.

24. The surveillance footage shows an individual believed to be Cortez drinking alcohol inside the Premises prior to any incident involving Fine.

25. Plaintiff provided Defendant with adequate information and documentation to support Defendant to cover Fine's loss and to defend Plaintiff in the action filed by Fine; however, Defendant unjustifiably denied Fine's claim and a defense to same to Plaintiff.

26. By correspondence dated April 4, 2013, Defendant, by and through its representative, Curt Fornero, acknowledged receipt of Fine's Complaint, including the exhibits attached to same and denied a defense and indemnification to Plaintiff. A true and correct copy of Curt Fornero's correspondence dated April 4, 2013 is attached hereto and incorporated herein as Exhibit "E".

27.  Defendant has been provided with additional documentation since the denial on April 4, 2013, including, inter alia, the detailed Affidavit of Probable Cause and Criminal Complaint filed against Cortez, written statements, the deposition transcript of Antonio Mannino of Slate Bar & Lounge, Inc., and relevant case law supporting Plaintiff's right to a defense and coverage; however, to date, Defendant has continued its blanket denial.

28.  Pursuant to the Policy, Plaintiff believes and therefore avers, that the allegations made by Fine in his Complaint, are covered by the Policy.

29.  Plaintiff believes and therefore avers that the allegations in the underlying action fall within the provisions of the Policy and specifically, the Assault and/or Battery Coverage Buy-Back.

WHEREFORE, Plaintiff, Slate Bar & Lounge, Inc., respectfully requests that this Honorable Court:

(1).  Enter a judgment declaring the rights and obligations of each of the parties with respect to this dispute;

(2).  Enter a judgment declaring that Defendant, Founders Insurance Company, is obligated to defend and/or indemnify Slate Bar & Lounge, Inc., or any other person or entity in connection with the underlying action;

(3).  Enter a judgment declaring that there is liability coverage under the Policy issued by Founders Insurance Company to Slate Bar & Lounge, Inc., for the claims arising from the underlying action;

(4).  Award Slate Bar & Lounge, Inc., for the claims arising from the underlying action; and

(5).  Award Slate Bar & Lounge, Inc., attorney fees and costs and any other relief that this Honorable Court deems just and appropriate.

Dated: 11/09/2015

Respectfully submitted,

JAMES A. KILPATRICK, ESQUIRE
Attorneys for Plaintiff,
Slate Bar & Lounge, Inc.

VERIFICATION

      I, ANTONIO MANNINO, an authorized representative for Slate Bar and Lounge, Inc., depose and say that the facts contained in the foregoing **COMPLAINT** are true and correct to the best of my knowledge, information and belief and made subject to the penalties of 18 Pa. C.S. Section 4904 relating to unsworn falsifications to authorities.

                        _____
                        ANTONIO MANNINO
                 Authorized Representative for Slate Bar & Lounge, Inc.

DATE: _____

EXHIBIT "A"

FOUNDERS POLICY

# FOUNDERS INSURANCE COMPANY <sup>SM</sup>

A MULTIPLE LINE STOCK COMPANY
1111 EAST TOUHY AVENUE, SUITE 300, DES PLAINES, IL 60018
(800) 972-8778 / Fax (847) 795-0080

Liquor Liability
Renewal Declaration

AGENCY ACCT.
EFFECTIVE 08/15/12

LLPA000967     08/15/12   08/15/13 12:01 AM STANDARD TIME   2991

| POLICY NUMBER | FROM POLICY PERIOD TO | |
|---|---|---|
| SLATE BAR & LOUNGE LLC | | WN TUSCANO AGENCY INC |

NAMED INSURED AND ADDRESS
DBA: SLATE BAR & LOUNGE
2324 SAN SOUCI PARKWAY
HANOVER TWP          PA 18706

PRODUCER
PO BOX 1027
GREENSBURG          PA 15601

(724) 836-1510

THE NAMED INSURED IS SLATE BAR & LOUNGE LLC

COVERAGES
THIS POLICY CONSISTS OF THE FOLLOWING COVERAGE PARTS/POLICIES FOR WHICH A
PREMIUM IS INDICATED.   THIS PREMIUM MAY BE SUBJECT TO ADJUSTMENT.

COVERAGE PART/POLICY ATTACHED
COMMERCIAL LIQUOR LIABILITY COVERAGE   ........................
FULLY EARNED COMPANY POLICY FEE        ........................

TOTAL ADVANCE PREMIUM .............................................
========

FORMS THAT APPLY TO APPLICABLE COVERAGE PARTS
ENDORSEMENT NO   EDITION DATE   DESCRIPTION
PA-CSL            10-07          Pennsylvania Liquor Liability Coverage Part

FINANCE COMPANIES

FC#
1

NAME AND ADDRESS
US PREMIUM FINANCE
PO BOX 924647
NORCROSS          GA 30010

IN RETURN FOR THE PAYMENT OF THE PREMIUM, AND SUBJECT TO ALL THE TERMS OF THE
COVERAGE PARTS/POLICIES ATTACHED, WE AGREE WITH YOU TO PROVIDE THE INSURANCE
DESCRIBED THEREIN.

Insured          WWW.FOUNDERSINSURANCE.COM          DATE 08/31/12

# FOUNDERS INSURANCE COMPANY SM

A MULTIPLE LINE STOCK COMPANY

1111 EAST TOUHY AVENUE, SUITE 300, DES PLAINES, IL 60018

(800) 972-8778 / Fax (847) 795-0080

Liquor Liability

Renewal Declaration

AGENCY ACCT

EFFECTIVE 08/15/12

LLPA000967        08/15/12   08/15/13 12:01 AM STANDARD TIME 2991

| POLICY NUMBER | FROM | POLICY PERIOD | TO |
|---|---|---|---|

SLATE BAR & LOUNGE LLC

WN TUSCANO AGENCY INC

NAMED INSURED AND ADDRESS

DBA: SLATE BAR & LOUNGE
2324 SAN SOUCI PARKWAY
HANOVER TWP       PA 18706

PRODUCER

PO BOX 1027
GREENSBURG        PA 15601

(724) 836-1510

LOCATION ADDRESS(ES)

LOCATION   01
2324 SAN SOUCI PARKWAY
HANOVER TWP       PA 18706

COVERAGES

DESCRIPTION: Bars-Taverns-Pubs-Cocktail-Lounges

| LOC | ITEM | TERR | CLASS | BASIS | TYPE | DED AMT | EXPOSURE | PREMIUM |
|---|---|---|---|---|---|---|---|---|
| 1 | 1 | 001 | 4222 | | | | 35000 | |

| COVERAGE | PER PERSON | OCCURRENCE | AGGREGATE |
|---|---|---|---|
| Combined Single Limit | | 1,000,000 | 2,000,000 |
| Fully Earned Policy Fee | | | |

ADDITIONAL FORMS AND ENDORSEMENTS APPLICABLE TO THIS COVERAGE PART ONLY

| NUMBER | DATE | | LOC | ITEM | LIMIT | PREMIUM |
|---|---|---|---|---|---|---|
| CG 21 73 | 01-08 | Exclusion - Terrorism | 1 | 1 | | |
| PA-LL01 | 10-07 | Assault/Battery Buy-Back | 1 | 1 | $1,000,000 | |

TOTAL ADVANCE PREMIUM    . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    ================

Insured

COMMERCIAL GENERAL LIABILITY
CG 21 73 01 08

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# EXCLUSION OF CERTIFIED ACTS OF TERRORISM

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART
LIQUOR LIABILITY COVERAGE PART
OWNERS AND CONTRACTORS PROTECTIVE LIABILITY COVERAGE PART
POLLUTION LIABILITY COVERAGE PART
PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE PART
RAILROAD PROTECTIVE LIABILITY COVERAGE PART
UNDERGROUND STORAGE TANK POLICY

**A.** The following exclusion is added:

This insurance does not apply to:

**TERRORISM**

"Any injury or damage" arising, directly or indirectly, out of a "certified act of terrorism".

**B.** The following definitions are added:

**1.** For the purposes of this endorsement, "any injury or damage" means any injury or damage covered under any Coverage Part to which this endorsement is applicable, and includes but is not limited to "bodily injury", "property damage", "personal and advertising injury", "injury" or "environmental damage" as may be defined in any applicable Coverage Part.

**2.** "Certified act of terrorism" means an act that is certified by the Secretary of the Treasury, in concurrence with the Secretary of State and the Attorney General of the United States, to be an act of terrorism pursuant to the federal Terrorism Risk Insurance Act. The criteria contained in the Terrorism Risk Insurance Act for a "certified act of terrorism" include the following:

**a.** The act resulted in insured losses in excess of $5 million in the aggregate, attributable to all types of insurance subject to the Terrorism Risk Insurance Act; and

**b.** The act is a violent act or an act that is dangerous to human life, property or infrastructure and is committed by an individual or individuals as part of an effort to coerce the civilian population of the United States or to influence the policy or affect the conduct of the United States Government by coercion.

CG 21 73 01 08

© ISO Properties, Inc., 2007

Page 1 of 1 ☐

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

## ASSAULT AND/OR BATTERY COVERAGE BUY-BACK

This endorsement modifies insurance provided under the following:

PENNSYLVANIA LIQUOR LIABILITY COVERAGE PART

In consideration of the additional premium charged for this endorsement, subparagraph k. Assault and/or Battery of **SECTION I – LIQUOR LIABILITY COVERAGE**, paragraph 2. Exclusions to Coverage, shall not apply and coverage for any "injury" that otherwise would be excluded by the Assault and/or Battery exclusion referenced herein shall be provided subject to the Limits of Insurance shown in the Declarations for this endorsement.  The Combined Single Limit and Aggregate Limit applicable to the coverage provided by this endorsement shall be the same and shall be shown as a single limit in the Declarations on the line on which this endorsement is listed.  Any coverage provided under the Limits of Insurance shown in the Declarations for this endorsement shall be subject to the Aggregate Limit applicable to the policy.

PA-LL01 (10/07)

# PENNSYLVANIA LIQUOR LIABILITY COVERAGE PART
### (Combined Single Limit)

Throughout this policy, the words "you" and "your" refer to the Named Insured shown in the Declarations, and any other person or organization qualifying as a Named Insured under this policy. The words "we," "us," "our" and "Company" refer to Founders Insurance Company.

The word "insured" means any person or organization qualifying as such under WHO IS AN INSURED (Section II).

Other words and phrases in quotation marks have special meanings under DEFINITIONS (Section V).

IN CONSIDERATION OF YOUR PAYMENT OF THE PREMIUM, IN RELIANCE UPON YOUR STATEMENTS IN ANY APPLICATION FORMS (ALL OF WHICH ARE INCORPORATED HEREIN), AND SUBJECT TO ALL LIMITS, EXCLUSIONS, CONDITIONS, AND OTHER TERMS OF THIS POLICY, WE AGREE WITH YOU AS FOLLOWS:

## SECTION I -- LIQUOR LIABILITY COVERAGE

1. Insuring Agreement

- We will pay those sums that an "insured" becomes legally obligated to pay as damages because of "injury" to which this insurance applies if liability for such "injury" is imposed on an "insured" by reason of the selling, serving, or furnishing of any alcoholic beverage; and
- We will defend an "insured" against any "suit" seeking those damages.

The amount we will pay for damages is limited as described in LIMITS OF INSURANCE (Section III). No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments (Paragraph 3 below).

We have no duty to defend an "insured" against any "suit" seeking damages for "injury" to which this insurance does not apply. We have the right to investigate any "injury," control the defense of any claim or "suit" that may result, and settle any such claim or "suit." Our right and duty to defend ends when we have exhausted the applicable limit of insurance in the payment of damages.

Subject to Exclusions to Coverage (Paragraph 2 below), this insurance applies to "injury" only if the "injury" occurs as a direct result of an "insured" selling, serving, or furnishing alcoholic beverages on the "insured premises" during the policy period.

2. Exclusions to Coverage

This insurance does not apply to:

a. Expected or Intended Injury
   "Injury" expected or intended from the standpoint of an "insured." This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

b. Workers' Compensation and Similar Laws
   Any obligation of an "insured" under a workers' compensation, disability benefits, unemployment compensation, or any similar law.

c. Employer's Liability
   "Injury" sustained by:
   (1) An "employee" of an "insured," or anyone acting on behalf of an "insured," arising out of or in the course or scope of:
       (a) Employment by an "insured"; or
       (b) Performing duties related to the conduct of an "insured's" business; or
   (2) The spouse, child, parent, brother or sister of an "employee" as a consequence of subparagraph c.(1) above.

   This exclusion applies:
   (1) Whether an "insured" may be liable as an employer or in any other capacity; and
   (2) To any obligation to share damages with or repay someone else who must pay damages because of the "injury."

d. Insureds and Related Parties
   "Injury" sustained by:
   (1) An "insured";
   (2) A member, partner, or their spouses (if you are a partnership or joint venture);
   (3) A member or manager (if you are a limited liability company);

PA-CSL 10-07

(4) An "executive officer," director, or stockholder (if you are an organization other than a partnership, joint venture, or limited liability company);

(5) An "employee" of an "insured";

(6) Any person acting on behalf of an "insured" at the time of "injury"; or

(7) A relative by blood, marriage, or adoption of any person identified in subparagraphs d.(1) through d.(6) above.

This exclusion also applies to "injury" to property owned by, used by, occupied by, rented to, loaned to, or in the care, custody, or control of any person identified in subparagraphs d.(1) through d.(7) above.

e.  Other Acts
"Injury" caused directly or indirectly by any act of an "insured," an "employee" of an "insured," or anyone acting on behalf of an "insured" other than the selling, serving, or furnishing of any alcoholic beverage.

f.  Liquor License Not in Effect
"Injury" arising out of any alcoholic beverage sold, served, or furnished while any required license is suspended or after such license expires, is cancelled or revoked.

g.  Your Product
"Injury" arising out of "your product."

This exclusion does not apply to "injury" for which an "insured" or an "insured's" indemnitees may be held liable by reason of:

(1) Causing or contributing to the intoxication of any person;

(2) The furnishing of alcoholic beverages to a person under the legal drinking age or under the influence of alcohol; or

(3) Any statute, ordinance or regulation relating to the sale, gift, distribution, or use of alcoholic beverages.

h.  Punitive or Exemplary Damages
Sums awarded as fines, penalties, punitive damages, exemplary damages, treble damages or any damages resulting from the multiplication of compensatory damages in whatever form assessed against an "insured" or an "insured's" indemnitees. If a "suit" is brought against the insured seeking damages to which this insurance applies and punitive or exemplary damages, we will provide a defense to such "suit".  However, we will have no obligation to pay for any costs, interest, or judgment attributable to punitive or exemplary damages (as set forth in the preceding sentence).  Provisions of this exclusion do not apply in any state where such exclusion is expressly prohibited by state law or insurance department regulation.

i.  Other Insurance
"Injury" with respect to which other insurance is afforded, or would be afforded but for the exhaustion of the limits of insurance.

This exclusion does not apply if the other insurance responds to liability for "injury" imposed on an "insured" by reason of the selling, serving, or furnishing of any alcoholic beverage.

j.  War
"Injury", however caused, arising, directly of indirectly, out of:

(1) War, including undeclared or civil war;

(2) Warlike action by a military force, including action in hindering or defending against an actual or expected attack, by any government, sovereign or other authority using military personnel or other agents; or

(3) Insurrection, rebellion, revolution, usurped power, or action taken by governmental authority in hindering or defending against any of these.

k.  Assault and/or Battery
"Injury" arising from:

(1) assault and/or battery committed by any "insured", any "employee" of an "insured", or any other person;

(2) The failure to suppress or prevent assault and/or battery by any person in subparagraph k.(1) above;

(3) The selling, serving or furnishing of alcoholic beverages which results in an assault and/or battery; or

(4) The negligent:

    (a) Employment;

    (b) Investigation;

    (c) Supervision;

    (d) Reporting to the proper authorities, or failure to so report; or

    (e) Retention

of or by a person for whom any "insured" is or ever was legally responsible and whose conduct would be excluded by

2

subparagraphs k.(1) through k.(3) above.

3. Supplementary Payments

We will pay, with respect to any claim we investigate or settle, or any "suit" against an "insured" we defend:
    a. All expenses we incur.
    b. The cost of bonds to appeal a verdict or release attachments in a "suit," but only for bond amounts within the applicable limit of insurance. We do not have to furnish these bonds.
    c. All reasonable expenses incurred by an "insured" at our request to assist us in the investigation or defense of a claim or "suit," including actual loss of wages or salary (but not loss of other income) up to $50 per day because of time off work.
    d. All costs taxed against an "insured" in a "suit" defended by us.
    e. Prejudgment interest awarded against an "insured" on that part of the judgment we pay. If we make an offer to pay the applicable limit of insurance, we will not pay any prejudgment interest based on that period of time after the offer.
    f. All interest on the full amount of any judgment entered against an "insured" that accrues after entry of the judgment and before we have paid, offered to pay, or deposited in court the part of the judgment that is within the applicable limit of insurance.
    g. Expenses incurred by an "insured" for first aid administered to others at the time of an event to which this insurance applies.

These payments shall not reduce the limits of insurance.

## SECTION II – WHO IS AN INSURED

1. If you are designated in the Declarations as:
    a. An individual, you and your spouse are "insureds."
    b. A partnership or joint venture, you are an "insured." Your members, your partners, and their spouses are also "insureds," but only with respect to the conduct of your business.
    c. A limited liability company, you are an "insured." Your members are also "insureds," but only with respect to the conduct of your business. Your managers are "insureds," but only with respect to their duties as your managers.
    d. An organization other than a partnership, joint venture, or limited liability company, you are an "insured." Your "executive officers" and directors are "insureds," but only with respect to their duties as your officers or directors. Your stockholders are also "insureds," but only with respect to their liability as stockholders.

2. Each of the following is also an "insured":
    a. Your "employees," other than either your "executive officers" (if you are an organization other than a partnership, joint venture, or limited liability company) or your managers (if you are a limited liability company), but only for acts within the course and scope of their employment by you or while performing duties related to the conduct of your business. However, none of these "employees" is an "insured" for:
        (1) "Injury":
            (a) To you or your spouse (if you are an individual), your partners, members, or their spouses (if you are a partnership or joint venture), your members or managers (if you are a limited liability company), your "executive officers," directors, or stockholders (if you are an organization other than a partnership, joint venture, or limited liability company), or a co-"employee" while that co-"employee" is either in the course or scope of his or her employment or performing duties related to the conduct of your business;
            (b) To a spouse, child, parent, brother, or sister of that co-"employee" as a consequence of subparagraph (1)(a) above;
            (c) For which there is any obligation to share damages with or repay someone else who must pay damages because of the injury described in subparagraphs (1)(a) or (1)(b) above; or
            (d) To property owned by, used by, rented to, loaned to, or in the care, custody, or control of any person identified in subparagraphs (1)(a) and (1)(b) above.
    b. Any person or organization having proper temporary custody of your property if you die, but only:
        (1) With respect to liability arising out of the maintenance or use of that property; and
        (2) Until your legal representative has been appointed.
    c. Your legal representative if you die, but only with respect to duties as such. That representative will have all your rights and duties under this policy.

3. Any organization you newly acquire or form, other than a partnership, joint venture, or limited liability company, and over which you maintain ownership or majority interest, will qualify as a Named Insured if you notify us within thirty (30) days after the acquisition or formation and there is no other valid and collectible insurance applicable to the loss. However,
    a. Coverage under this provision is afforded only until the thirtieth (30th) day after you acquire or form the organization or the end of the policy period, whichever is earlier; and
    b. Coverage does not apply to "injury" that occurred before you acquired or formed the organization.
    c. No person or organization is an "insured" with respect to the conduct of any current or past partnership, joint venture, limited liability company, corporation, or other business enterprise that is not shown as a Named Insured in the Declarations.

3

## SECTION III – LIMITS OF INSURANCE

1. The Limits of Insurance shown in the Declarations and the rules below fix the most we will pay for "injury" to any and all persons caused by or in consequence of any intoxicated person, regardless of the number of:
   a. "Insureds";
   b. Claims made or "suits" brought; or
   c. Persons or organizations making claims or bringing "suits."
2. The Aggregate Limit is the most we will pay for all "injury" as the result of the selling, serving or furnishing of alcoholic beverages.
3. Subject to the Aggregate Limit, the Combined Single Limit is the most we will pay for all "injury" sustained by one or more persons or organizations as the result of the selling, serving or furnishing of any alcoholic beverage to any one person.

## SECTION IV – CONDITIONS

1. Bankruptcy

Bankruptcy or insolvency of an "insured" or of an "insured's" estate will not relieve us of our obligations under this policy.

2. Duties In The Event Of Injury, Claim Or Suit

   a. You must notify us as soon as practicable of an "injury" which may result in a claim or "suit." To the extent possible, your notice must include:
      (1) How, when, and where the "injury" took place;
      (2) The names, addresses, and telephone numbers of any injured persons and of witnesses;
      (3) The names, addresses, and telephone numbers of all "employees" on duty at the time of any "injury"; and
      (4) The nature and location of any "injury."
   b. If a claim is made or "suit" is brought against an "insured," you must:
      (1) Immediately record the specifics of the claim or "suit" and the date received;
      (2) Notify us by telephone at 888-676-4342 as soon as practicable; and
      (3) Provide written notice to us at 1645 East Birchwood Avenue, Des Plaines, Illinois 60018 as soon as practicable.
   c. You and any other involved "insured" must:
      (1) Immediately send us copies of any demands, notices, summonses, or legal papers received in connection with the claim or "suit";
      (2) Authorize us to obtain records and other information;
      (3) Cooperate with us in the investigation or settlement of the claim or defense against the "suit"; and
      (4) Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to an "insured" because of "injury" to which this insurance may also apply.
   d. No "insured" may, except at that "insured's" own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our prior written consent.

3. Legal Action Against Us

No person or organization has a right under this policy:
   a. To join us as a party or otherwise bring us into a "suit" asking for damages from an "insured"; or
   b. To sue us on this policy unless all of its terms have been fully complied with.

A person or organization may sue us to recover on an agreed settlement or on a final judgment against an "insured" obtained after an actual trial, but we will not be liable for damages that are not payable under the terms of this policy or that are in excess of the applicable limit of insurance. An agreed settlement means a settlement and release of liability signed by us, an "insured," and the claimant or the claimant's legal representative.

4. Other Insurance

If other valid and collectible insurance is available to an "insured" for a loss we cover under this policy, our obligations are limited as follows:
   a. Primary Insurance
      This insurance is primary. Our obligations are not affected unless any of the other insurance is also primary. Should that be the case, we will share with all that other insurance by the method described in subparagraph b. below.
   b. Method of Sharing
      If all of the other insurance permits contribution by equal shares, we will follow this method also. Under this approach, each insurer contributes equal amounts until it has paid its applicable limit of insurance or none of the loss remains, whichever comes first. If any of the other insurance does not permit contribution by equal shares, we will contribute by limits. Under this

method, each insurer's share is based on the ratio of its applicable limit(s) of insurance to the total applicable limits of insurance of all insurers.

5. Premium/Inspection & Audit

    a. The first Named Insured shown in the Declarations is responsible for the payment of all premiums and shall be the payee for all return premiums we pay.

    b. The premium payable for this insurance, shown in the Declarations as Total Advance Premium, is a deposit premium only. It is based upon your estimated gross liquor receipts and the representations made in your Application. It is calculated in accordance with our rates and rules in effect at the time this policy was issued. On any renewal, continuation, or anniversary of the effective date of this policy, we will compute the premium in accordance with our rates and rules then in effect.

    c. Upon your Application for this insurance and at any time thereafter, we have the right, but not the obligation, to make inspections and surveys of the "insured premises" and your operations. We may provide you with recommendations for changes. Any inspections, surveys, reports, or recommendations relate only to insurability and the premium to be charged for this insurance. We do not make safety inspections. We do not undertake to perform the duty of any person or organization to provide for the health or safety of workers or the public, and we do not warrant that conditions are safe or healthful or comply with laws, regulations, codes, or standards. This condition applies not only to us, but also any rating, advisory, or rate service organization which makes insurance surveys, reports, or recommendations.

    d. Upon your Application for this insurance and at any time during the policy period and up to three years after its expiration, we have the right, but not the obligation, to audit your books, records, and operations, including an audit of your estimated gross liquor receipts to ensure their accuracy and/or your actual liquor receipts for any relevant time period. At the close of an audit, we may adjust your premium in accordance with our rates and rules in effect at the time this policy was issued. You must pay any additional premium due to us within fifteen (15) days of receipt of our invoice. Should the sum of the deposit premium and audit premium paid by you be greater than the premium due to us, we will return the excess to the first Named Insured shown in the Declarations. You must keep records of the information we need for premium computation, including but not limited to, sales and income tax documents, or similar records, and send us copies at such times as we may request.

6. Representations

By accepting this policy, you agree:

    a. The statements in the Application and the Declarations are accurate and complete;

    b. Those statements are based upon representations you made to us and on which we may rely; and

    c. We have issued this policy in reliance upon your representations.

7. Separation Of Insureds

Except with respect to the Limits of Insurance and any rights or duties specifically assigned in this policy to the first Named Insured shown in the Declarations, this insurance applies:

    a. As if each Named Insured were the only Named Insured; and

    b. Separately to each "insured" against whom a claim is made or "suit" is brought.

8. Transfer Of Rights Of Recovery Against Others To Us

If an "insured" has rights to recover all or part of any payment we have made under this policy, those rights are transferred to us. The "insured" must do nothing after loss to impair them. At our request, the "insured" must bring "suit" or transfer those rights to us and assist us in enforcing them.

9. Transfer of Your Rights and Duties Under this Policy

Your rights and duties under this policy may not be transferred without our prior written consent, except in the case of death of an individual Named Insured. If you die, your rights and duties will be transferred to your legal representative, but only while acting within the scope of duties within which your legal representative was appointed. Anyone having proper temporary custody of your property will have your rights and duties, but only with respect to that property.

10. Changes

This policy contains all the agreements between you and us concerning the insurance afforded. The first Named Insured shown in the Declarations is authorized to make changes in the terms of this policy with our prior written consent. This policy's terms can be amended or waived only by endorsement issued by us and made a part of this policy.

11. Cancellation

    a.  The first Named Insured shown in the Declarations may cancel this policy by writing or giving advance notice of cancellation.

    b.  If this policy has been in effect for less than 60 days, we may cancel this policy by mailing or delivering to the first Named Insured written notice of cancellation stating the reason(s) for cancellation at least 30 days before the effective date of cancellation.

    c.  If this policy has been in effect for 60 days or more, or is a renewal of a policy we issued, we may cancel this policy, only for one or more of the reasons listed below, by mailing or delivering to the first Named Insured written notice of cancellation stating the reason(s) for cancellation, at least:

        (1)  15 days before the effective date of cancellation if we cancel for nonpayment of premium or you have made a material misrepresentation which affects the insurability of the risk; or

        (2)  60 days before the effective date of cancellation if we cancel for:

            (a)  A condition, factor or loss experience material to insurability has changed substantially or a substantial condition, factor or loss experience material to insurability has become known during the policy period;

            (b)  Loss of reinsurance or a substantial decrease in reinsurance has occurred, which loss or decrease, at the time of cancellation, shall be certified to the Insurance Commissioner as directly affecting in-force policies;

            (c)  Material failure to comply with policy terms, conditions or contractual duties; or

            (d)  Other reasons that the Insurance Commissioner may approve.

      This policy may also be cancelled from inception upon discovery that the policy was obtained through fraudulent statements, omissions or concealment of facts material to the acceptance of the risk or to the hazard assumed by us.

    d.  We will mail or deliver our notice to the first Named Insured's last mailing address known to us. If notice is mailed, it will be by registered or first class mail. Proof of mailing of such notice, in any form, shall be sufficient proof of notice and receipt.

    e.  Notice of cancellation by us will state the effective date of cancellation. The policy period will end on that date.

    f.  (1)  If this policy cancels effective within 90 days of the inception of the policy, either at the request of the first Named Insured or due to nonpayment of premium, we will charge minimum premium of twenty-five percent (25%) of the Total Advance Premium shown in the Declarations, any conditions of the policy to the contrary notwithstanding.

        (2)  Subject to subparagraph (1) above and less any fully earned policy fee, if applicable, if the policy is cancelled, we will send the first Named Insured shown in the Declarations any premium refund due. Subject to subparagraph (1) above and less any fully earned policy fee, if applicable, if we cancel, the refund will be pro rata and will be returned within 10 business days after the effective date of cancellation. If the first Named Insured shown in the Declarations cancels, the refund may be less than pro rata pursuant to subparagraph (1) above and less any fully earned policy fee, if applicable, and will be returned within 30 days after the effective date of cancellation. The cancellation will be effective even if we have not made or offered a refund.

12. When We Do Not Renew

    a.  If we decide not to renew this policy, we will mail or deliver written notice of nonrenewal, stating the specific reasons for nonrenewal, to the first Named Insured shown in the Declarations, at least sixty (60) days before the expiration date of this policy, except if:

        (1)  We have offered to issue a renewal policy unless we increase your renewal premium in which case we will mail or deliver to the first Named Insured written notice of our intent to increase the premium at least thirty (30) days before the effective date of the premium increase;

        (2)  You have failed to pay a premium due or any advance premium required by us for renewal; or

        (3)  You have obtained replacement coverage or agreed in writing to do so.

    b.  Any notice of nonrenewal or renewal premium increase shall be mailed or delivered to the first Named Insured's last known address shown in the Declarations. If notice is mailed, it will be by registered or first class mail. Proof of mailing to the last known address of the first Named Insured shown in the Declarations shall be sufficient proof of notice.

13. Inconsistent Provisions

If any of the provisions of this policy are not enforceable under applicable state law, then the policy is hereby modified to meet the minimum requirements of the applicable statute or case law.

## SECTION V -- DEFINITIONS

1. "Bodily injury" means bodily injury, sickness, or disease sustained by a person, including death and loss of society, companionship, and consortium to others resulting from any of these at any time.

2. "Employee" includes a "leased worker," but does not include a "temporary worker."

3. "Executive Officer" means a person holding any of the officer positions created by your charter, constitution, by-laws, or any other similar governing document.

4. "Injury" means all damages, including damages because of "bodily injury," "property damage," and "loss of support."

5. "Insured premises" means the premises shown in the Declarations, and any premises acquired by you during the policy period and over which you maintain ownership or majority interest for use in manufacturing, distributing, selling, serving, or furnishing

6

alcoholic beverages if you notify us within thirty (30) days after the acquisition and pay the applicable premium.

6. "Leased worker" means a person leased to you by a labor leasing firm under an agreement between you and the labor leasing firm, to perform duties related to the conduct of your business. "Leased worker" does not include a "temporary worker."

7. "Loss of support" means loss of care, services, and financial support to others due to a "bodily injury" sustained by a person.

8. "Property damage" means:
   a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or
   b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the occurrence that caused it.

9. "Suit" means a civil proceeding in which damages because of "injury" to which this insurance applies are alleged. "Suit" includes:
   a. An arbitration proceeding in which such damages are claimed and to which an "insured" must submit or does submit with our consent; or
   b. Any other alternative dispute resolution proceeding in which such damages are claimed and to which an "insured" submits with our consent.

10. "Temporary worker" means a person who is furnished to you to substitute for a permanent "employee" on leave or to meet seasonal or short-term workload conditions.

11. "Your product":
   a. Means:
      (1) Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:
         (a) You;
         (b) Others trading under your name; or
         (c) A person or organization whose business or assets you have acquired; and
      (2) Containers (other than vehicles), materials, parts or equipment furnished in connection with such goods or products.
   b. Includes:
      (1) Warranties or representations made at any time with respect to the fitness, quality, durability, performance, or use of "your product"; and
      (2) The providing of or failure to provide warnings or instructions.
   c. Does not include vending machines or other property rented to or located for the use of others, but not sold.

**In Witness Whereof,** Founders Insurance Company has caused this policy to be signed by its President and Secretary at Des Plaines, Illinois.

FOUNDERS INSURANCE COMPANY                                    ATTEST:

_Jane M. Abed_                                                _James K. Ardizzone_

———————————————————                                          ———————————————————
Jane M. Abed                                                 James K. Ardizzone
President                                                    Secretary

© Founders Insurance Company 2007 and ISO Properties, Inc. 2001
Form PA-CSL  October, 2007

7

EXHIBIT "B"

FINE COMPLAINT

BRUCE H. FINE                          : IN THE COURT OF COMMON PLEAS
342 Hobbie/Wapwallopen Road            : OF LUZERNE COUNTY
Wapwallopen, PA 18660                  :
                          Plaintiff,   :
                                       : JURY TRIAL DEMANDED
            v.                         :
                                       :
SLATE BAR AND LOUNGE, INC.             :
t/a SLATE BAR AND LOUNGE               :
2324 Sans Souci Parkway                : CIVIL ACTION - LAW
Hanover Township, PA 18706-5006        : NO. 2074 OF 2013
                                       :
                          Defendants.  :

## COMPLAINT

Plaintiff, Bruce Fine, by and through his undersigned counsel and pursuant to Pennsylvania Rules of Civil Procedure and Luzerne County Local Rules of Practice, files this Complaint.

1.    Plaintiff, Bruce H. Fine, is an adult citizen of the Commonwealth of Pennsylvania who resides at 342 Hobbie/Wapwallopen Road, Wapwallopen, Luzerne County, Pennsylvania, 18660.

2.    Defendant, Slate Bar and Lounge, Inc., t/a Slate Bar and Lounge ("Slate Bar and Lounge"), is a duly registered Pennsylvania corporation with its principal place of business located at 2324 Sans Souci Parkway, Hanover Township, Luzerne County, Pennsylvania, 18706.

3.    Defendant, Slate Bar and Lounge, is the owner of liquor license No. R-3571 for operation of a bar at 2324 Sans Souci Parkway in Hanover Township, Pennsylvania. Antonio Mannino, is a shareholder and President of Defendant, Slate Bar and Lounge. Antonio Mannino, is also the owner of the real property located at 2324 Sans Souci Parkway in Hanover Township where the bar, Slate Bar and Lounge, is located.



4.    On Saturday, December 8, 2012, Edwin Cortez was acting as an agent, ostensible agent, and/or employee of Defendant, Slate Bar and Lounge, as a bouncer/security guard. Edwin Cortez was dressed in street clothes and was not wearing clothing that would make his status as a security person readily apparent.

5.    Other agents, ostensible agents, and/or employees also working as bouncers/security guards at Defendant, Slate Bar and Lounge, included Justin Catalano and Gabriel Miro, who were standing with Edwin Cortez at the entrance to the subject business.

6.    On the evening Saturday, December 8, 2012, Plaintiff Bruce Fine, along with friends Jennifer Ruchinski, Jason Girton, and Chastity Girton, traveled to Defendant, Slate Bar and Lounge, to purchase a twelve (12) pack of beer. Plaintiff and his friends were not planning on staying at Defendant, Slate Bar and Lounge, after purchasing the beer to go.

7.    Upon arriving at the door of Defendant, Slate Bar and Lounge, Plaintiff, Bruce Fine, and his friends were stopped by Edwin Cortez and the two other employees (hereinafter "Slate Bar Bouncers") working at the door, and were informed that there was a $5.00 cover charge, totally $20.00 for the entire group, for admission the Defendant bar.

8.    The group informed the Slate Bar Bouncers that they wanted only to purchase beer and leave, the Slate Bar Bouncers informed the patrons that only the females were allowed to enter the bar, requiring the males to remain outside.

9.    Mr. Fine and Mr. Girton objected. An exchange of words ensued. The untrained and unsupervised Slate Bar Bouncers negligently escalated the matter into an altercation.

2

10.     During the scuffle, Edwin Cortez, acting as a Slate Bar Bouncer, suddenly and without warning, produced a knife and stabbed Plaintiff, Bruce Fine in the abdomen.[1]

11.     Jason Girton, recovered Edwin Cortez's knife which had a blade of approximately 3 inches.  The knife was turned it over to police and remains in custody of the Hanover Township Police.

12.     According to a criminal complaint filed against Edwin Cortez, police responded to the Slate Bar and noted bruises and abrasions on Plaintiff, Bruce Fine's face, along with stab wounds.  A copy of the criminal complaint against Slate Bar Bouncer Edwin Cortez is attached hereto as Exhibit "B."

13.     According to the criminal complaint, Edwin Cortez and Justin Catalano, employees of this licensed bar, fled out the back door of Defendant, Slate Bar and Lounge, when police responded to the scene to investigate what had happened.

14.     Using a police dog, police officers tracked Edwin Cortez.

15.     Neither Mr. Mannino nor any other representative of Defendant, Slate Bar and Lounge, made any meaningful attempt to intervene, protect, or assist Plaintiff, Bruce Fine while the Slate Bar Bouncers negligently and improperly confronted Mr. Fine.

16.     As a direct and proximate result of Defendant's negligence, Plaintiff, Bruce Fine has been, and may continue to be, subjected to further medical procedures and treatments, and all accompanying risks, hazards, pain, suffering, discomfort, and economic losses associated therewith, all to his continuing detriment and loss, and may be compelled to expend money for

---

[1]A color photo showing the stab wounds to the abdomen Plaintiff, Bruce Fine, is attached hereto as Exhibit "A."

3

medicine and medical attention in an attempt to cure or relieve the pain caused by the aforementioned injuries.

## COUNT I
### PLAINTIFF, BRUCE FINE v. DEFENDANT, SLATE BAR AND LOUNGE NEGLIGENCE

17.     Paragraphs 1 through 16 of this Complaint are incorporated herein by reference.

18.     The negligent conduct of Defendant, Slate Bar and Lounge, breached the duty of care owed to patrons and business visitors, and included the following:

        a.      Failing to properly train its employees, agents, and/or ostensible agents to identify and avoid conduct that could lead to harm to patrons;

        b.      · Failure to properly train its employees, agents, and/or ostensible agents to intervene in situations where the probability of harm to patrons is self-evident;

        c.      Failure to train its employees, agents, and/or ostensible agents on security techniques;

        d.      Failure to properly employ experienced security persons;

        e.      Failure to properly train security persons;

        f.      Failure to properly clothe a security person in such a way as to make his or her status as a security person readily apparent;

        g.      Failure to properly monitor the activities and practices of its security personnel;

        h.      Failing to properly intervene, protect, or assist Plaintiff, Bruce Fine, in any way once he was negligently and improperly confronted by Edwin Cortez;

        i.      Failure to keep the business premises under control and safe for its business invitees;

4

      j.      Failure to adequately recruit, train, maintain, employ and/or supervise its employees, agents, and/or ostensible agents;

      k.      Negligently allowing its employees, agents, and/or ostensible agents to carry knives;

      l.      Corporate negligence;

      m.      Negligence per se;

      n.      Creating hazardous and unsafe conditions in and outside of Slate Bar;

      o.      Failing to warn patrons and business visitors that Slate Bar's agents, employees, and/or ostensible agents were armed with weapons such as knives with three (3) inch blades; and

      p.      Violations of duties imposed under Pennsylvania law and the Restatement of Torts, including, but not limited to, Section 3233.

    19.    As a direct and proximate result of the aforesaid negligence of Defendant, Slate Bar and Lounge, Plaintiff, Bruce Fine, has been, and in the future will be, prevented from attending his usual duties, activities of daily living, and will suffer a loss of life's pleasures to his great detriment, damage, and loss.

    20.    As a direct and proximate result of the aforesaid negligence by Defendant, Slate Bar and Lounge, Plaintiff, Bruce Fine, sustained painful, serious, and long-lasting injuries, which include:

      a.      Significant bruises and lacerations to his head and body;

      b.      A large slice in Plaintiff's abdomen as a result of Edwin Cortez's knife;

      c.      Muscle pain;

      d.      Scarring;

e.    Decreased range of motion;

f.    Emotional distress;

g.    Pain and discomfort;

h.    Surgery;

i.    Internal injuries; and

j.    Other injuries.

21.    As a direct and proximate result of the aforesaid negligence of Defendant, Slate Bar and Lounge, Plaintiff, Bruce Fine, experienced and continues to experience medical treatments and other procedures in an effort to abate the pain and injuries sustained.

22.    As a direct and proximate result of Defendant, Slate Bar and Lounge's negligence, Plaintiff, Bruce Fine has been, and may continue to be, subjected to further medical procedures and treatments, and all accompanying risks, hazards, pain, suffering, discomfort, and economic losses associated therewith, all to his continuing detriment and loss, and may be compelled to expend money for medicine and medical attention in an attempt to cure or relieve the pain caused by the aforementioned injuries.

23.    As a result of the aforementioned injuries, Plaintiff, Bruce Fine, has undergone, and in the future will undergo, physical and mental suffering, great inconveniences in carrying out activities, loss of life's pleasures, and loss of life's enjoyment.

24.    As a result of the aforementioned injuries, Plaintiff, Bruce Fine, continues to be plagued by persistent pain and limitation and therefore avers that his injuries may be of a permanent nature, causing residual problems for the remainder of his lifetime.

6

25.   As a result of Defendant, Slate Bar and Lounge's negligence, Plaintiff, Bruce Fine, was forced to incur liability for medical treatment, medications, and other miscellaneous expenses in an effort to restore himself to health.

26.   As a result of the aforementioned injuries, Plaintiff, Bruce Fine, will be forced to incur similar expenses in the future.

27.   As a result of Defendant, Slate Bar and Lounge's negligent and careless conduct, Plaintiff, Bruce Fine, has sustained a loss of wages, an impairment of earning capacity, and he will sustain a future loss of wages.

28.   Pennsylvania Court have long imposed duties upon bar owners to keep the bar "orderly and well policed." Ash v. 627 Bar, Inc., 176 A.2d 137, 139 (Pa. Super. 1961) (affirming judgment against unruly bar when patron attacked by unknown person). The owner is "bound to see not only that there is order, but that [patrons are] properly protected from assaults and insults by those in its employ and by others who may be in its place of business." Id. (emphasis added).

29.   A business operator owes a duty to protect its business invitees from reasonably foreseeable criminal acts. See, e.g., Moran v. Valley Forge Drive-In Theater, 431 Pa. 432, 246 A.2d 875 (1968) (affirming judgment against a theater where patron was injured by teenagers using firecrackers after owners were aware of similar prior incidents), Murphy v. Penn Fruit, 274 Pa. Super. 427, 418 A.2d 480 (Pa. Super. 1980) (affirming judgment against grocery store for assault in parking lot even without evidence of prior violence in parking lot).

7

*WHEREFORE*, Plaintiff, Bruce Fine, respectfully requests that judgment be entered in his favor and against Defendant, Slate Bar and Lounge, in an amount in excess of $50,000, exclusive of interest and costs and in excess of any jurisdictional amount requiring compulsory arbitration.

Respectfully submitted,

NEIL T. O'DONNELL, ESQUIRE
Bar I.D. #50309
O'Donnell Law Offices
267 Wyoming Ave.
Kingston, PA 18704
(570) 821-5717

Attorneys for Plaintiff, Bruce Fine

8

EXHIBIT "C"

NOTICE OF OCCURRENCE/CLAIM

# ACORD® GENERAL LIABILITY NOTICE OF OCCURRENCE/CLAIM

| | DATE (MM/DD/YYYY) |
|---|---|
| | 1/23/2013 |

| AGENCY PHONE (A/C, No, Ext): (570) 288-7890 | NOTICE OF OCCURRENCE | X | DATE OF OCCURRENCE AND TIME | X AM | DATE OF CLAIM | PREVIOUSLY REPORTED |
|---|---|---|---|---|---|---|
| GREENWALD BERK AGENCY, LLC | NOTICE OF CLAIM | | 12/8/2012 | 12:00 PM | 12/8/2012 | YES  X  NO |
| P.O. BOX 1529 | EFFECTIVE DATE | EXPIRATION DATE | | POLICY TYPE | | RETROACTIVE DATE |
| 250 PIERCE ST., SUITE 311 | 8/15/2012 | 12/14/2012 | X OCCURRENCE | CLAIMS MADE | | |
| KINGSTON            PA  18704 | COMPANY | | NAIC CODE: | MISCELLANEOUS INFO (Site & location code) | | |
| FAX (A/C, No): (570) 714-0571 | | | | | | |
| E-MAIL ADDRESS: edc@greenwaldberk.com | Founders Insurance Co | | | | | |
| CODE: | SUB CODE: | POLICY NUMBER | | | |
| AGENCY CUSTOMER ID: 00008995 | | LLPA000967 | REFERENCE NUMBER | | |

## INSURED

| | | | CONTACT | X CONTACT INSURED | |
|---|---|---|---|---|---|
| NAME AND ADDRESS | SOC SEC # OR FEIN: 270471817 | | NAME AND ADDRESS | | WHERE TO CONTACT |
| Slate Bar & Lounge LLC, DBA: DBA Slate Bar & | | | Anthony Mannino | | |
| C/O Anthony Mannino | | | | | |
| 2324 San Souci Pkwy | | | | | WHEN TO CONTACT |
| Hanover Twp            PA  18706 | | | | | |
| RESIDENCE PHONE (A/C, No) | BUSINESS PHONE (A/C, No, Ext) (347) 672-9889 | | RESIDENCE PHONE (A/C, No) | BUSINESS PHONE (A/C, No, Ext) (347) 672-9889 | |
| CELL PHONE (A/C, No) | E-MAIL ADDRESS | | CELL PHONE (A/C, No) | E-MAIL ADDRESS | |

## OCCURRENCE

| LOCATION OF OCCURRENCE (include city & state) | 2324 San Souci Parkway, Hanover Twp., PA 18706 | AUTHORITY CONTACTED Hanover Twp PD |
|---|---|---|
| DESCRIPTION OF OCCURRENCE (Use separate sheet, if necessary) | Stabbing incident involving bar patrons outside of bar.  One person transported to hospital with non life threatening injuries.  LCB & Hanover Twp. PD notified | |

## POLICY INFORMATION

| COVERAGE PART OR FORMS (insert form #s and edition dates) | | | | | | | |
|---|---|---|---|---|---|---|---|
| GENERAL AGGREGATE | PROD/COMP OP AGG | PERS & ADV INJ | EACH OCCURRENCE | FIRE DAMAGE | MEDICAL EXPENSE | DEDUCTIBLE | PD |
| | | | | | | | BI |
| UMBRELLA EXCESS | UMBRELLA | EXCESS | CARRIER: | LIMITS: | AGGR | PER CLAIM/OCC | SIR/SELF INS RET |

## TYPE OF LIABILITY

| PREMISES: INSURED IS | OWNER | TENANT | OTHER: | TYPE OF PREMISES | |
|---|---|---|---|---|---|
| OWNER'S NAME & ADDRESS (if not insured) | | | | OWNERS PHONE (A/C, No, Ext): | |
| PRODUCTS: INSURED IS | MANUFACTURER | VENDOR | OTHER: | TYPE OF PRODUCT | |
| MANUFACTURER'S NAME & ADDRESS (if not insured) | | | | MANUFACT PHONE (A/C, No, Ext): | |
| WHERE CAN PRODUCT BE SEEN? | | | | | |
| OTHER LIABILITY INCLUDING COMPLETED OPERATIONS (Explain) | | | | | |

## INJURED/PROPERTY DAMAGED

| NAME & ADDRESS (Injured/Owner) | | | | PHONE (A/C, No, Ext) | |
|---|---|---|---|---|---|
| AGE | SEX | OCCUPATION | EMPLOYER'S NAME & ADDRESS | PHONE (A/C, No, Ext) | |
| DESCRIBE INJURY | | | WHERE TAKEN | WHAT WAS INJURED DOING? | |
| FATALITY | | | | | |
| DESCRIBE PROPERTY (Type, model, etc.) | ESTIMATE AMOUNT | WHERE CAN PROPERTY BE SEEN? | | WHEN CAN PROPERTY BE SEEN? |

## WITNESSES

| NAME & ADDRESS | BUSINESS PHONE (A/C, No, Ext) | RESIDENCE PHONE (A/C, No) |
|---|---|---|
| | | |

| REMARKS          This notice is For Reporting Purposes Only | | | |
|---|---|---|---|
| REPORTED BY Insured | REPORTED TO Agency | SIGNATURE OF INSURED | SIGNATURE OF PRODUCER |

ACORD 3 (2007/01)                    Page 1 of 2                © ACORD CORPORATION 1986-2007. All rights reserved.
INS003 (200701).01          The ACORD name and logo are registered marks of ACORD

## Applicable in Arizona

For your protection, Arizona law requires the following statement to appear on this form. Any person who knowingly presents a false or fraudulent claim for payment of a loss is subject to criminal and civil penalties.

## Applicable in Arkansas, Delaware, District of Columbia, Kentucky, Louisiana, Maine, Michigan, New Jersey, New Mexico, New York, North Dakota, Pennsylvania, South Dakota, Tennessee, Texas, Virginia, Washington and West Virginia

Any person who knowingly and with intent to defraud any insurance company or another person, files a statement of claim containing any materially false information, or conceals for the purpose of misleading, information concerning any fact, material thereto, commits a fraudulent insurance act, which is a crime, subject to criminal prosecution and [NY: substantial] civil penalties. In DC, LA, ME, TN, VA and WA, insurance benefits may also be denied.

## Applicable in California

For your protection, California law requires the following to appear on this form: Any person who knowingly presents a false or fraudulent claim for payment of a loss is guilty of a crime and may be subject to fines and confinement in state prison.

## Applicable in Colorado

It is unlawful to knowingly provide false, incomplete, or misleading facts or information to an insurance company for the purpose of defrauding or attempting to defraud the company. Penalties may include imprisonment, fines, denial of insurance, and civil damages. Any insurance company or agent of an insurance company who knowingly provides false, incomplete, or misleading facts or information to a policy holder or claimant for the purpose of defrauding or attempting to defraud the policy holder or claimant with regard to a settlement or award payable from insurance proceeds shall be reported to the Colorado Division of Insurance within the Department of Regulatory Agencies.

## Applicable in Florida and Idaho

Any person who Knowingly and with the intent to injure, defraud, or deceive any insurance company files a statement of claim containing any false, incomplete or misleading information is guilty of a felony.*
        * In Florida - Third Degree Felony

## Applicable in Hawaii

For your protection, Hawaii law requires you to be informed that presenting a fraudulent claim for payment of a loss or benefit is a crime punishable by fines or imprisonment, or both.

## Applicable in Indiana

A person who knowingly and with intent to defraud an insurer files a statement of claim containing any false, incomplete, or misleading information commits a felony.

## Applicable in Minnesota

A person who files a claim with intent to defraud or helps commit a fraud against an insurer is guilty of a crime.

## Applicable in Nevada

Pursuant to NRS 686A.291, any person who knowingly and willfully files a statement of claim that contains any false, incomplete or misleading information concerning a material fact is guilty of a felony.

## Applicable in New Hampshire

Any person who, with purpose to injure, defraud or deceive any insurance company, files a statement of claim containing any false, incomplete or misleading information is subject to prosecution and punishment for insurance fraud, as provided in RSA 638:20.

## Applicable in Ohio

Any person who, with intent to defraud or knowing that he/she is facilitating a fraud against an insurer, submits an application or files a claim containing a false or deceptive statement is guilty of insurance fraud.

## Applicable in Oklahoma

WARNING: Any person who knowingly and with intent to injure, defraud or deceive any insurer, makes any claim for the proceeds of an insurance policy containing any false, incomplete or misleading information is guilty of a felony.

EXHIBIT "D"

FORNERO's 01/25/13 LETTER



**FOUNDERS®**
A pillar of strength. Since 1901.
Member of the Utica National Insurance Group

P.O. Box 5100, Des Plaines, IL 60017-5100
Phone   847.768.0068
Toll Free   888.676.4342
Fax   847.768.0078
www.foundersinsurance.com

January 25, 2013

*Sent via Certified & Regular Mail*

Slate Bar & Lounge, LLC
2324 San Souci Pkwy.
Hanover Twp, PA 18706

RE:   Our Claim Number:   3712000147
       Our Insured:   Slate Bar & Lounge, LLC
       Date of Loss:   12/8/12
       Policy Number:   LLPA000967
       Claimant:   Bruce Fine

Dear Insured:

Founders Insurance Company ("FIC") has received your notice of an incident regarding a stabbing that occurred at your establishment. Based upon newspaper articles, it appears that Bruce Fine was stabbed by your bouncer Edwin Cortez after an argument started over Mr. Fine's refusal to pay a $5 cover charge. The facts surrounding this incident are currently too vague to determine at this time whether or not this incident will be covered under the provisions of your policy.

FIC insures Slate Bar & Lounge, LLC dba Slate Bar & Lounge ("Slate") for liquor liability under policy LLPA000967. This policy had effective dates of August 15, 2012 through August 15, 2013. Your policy was          ~d on December 14, 2012. The policy provides for liquor liability insurance coverage. The policy contains a combined single limit of $1,000,000 per occurrence and $2,000,000 in aggregate. It also contains an assault and battery sub-limit of coverage of $1,000,000.

Please refer to your **PENNSYLVANIA LIQUOR LIABILITY COVERAGE PART**, PA-CSL 10-07, which states as follows:

### SECTION I – LIQUOR LIABILITY COVERAGE

1. Insuring Agreement
   • We will pay those sums that an "insured" becomes legally obligated to pay as damages because of "injury" to which this insurance applies if liability for such "injury" is imposed on an "insured" by reason of the selling, serving, or furnishing of any alcoholic beverage; and
   • We will defend an "insured" against any "suit" seeking those damages.



P.O. Box 5100, Des Plaines, IL 60017-5100
Phone    847.768.0068
Toll Free   888.676.4342
Fax    847.768.0078
www.foundersinsurance.com

The amount we will pay for damages is limited as described in LIMITS OF INSURANCE (Section III). No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments (Paragraph 3 below).

We have no duty to defend an "insured" against any "suit" seeking damages for "injury" to which this insurance does not apply. We have the right to investigate any "injury," control the defense of any claim or "suit" that may result, and settle any such claim or "suit." Our right and duty to defend ends when we have exhausted the applicable limit of insurance in the payment of damages.

Subject to Exclusions to Coverage (Paragraph 2 below), this insurance applies to "injury" only if the "injury" occurs as a direct result of an "insured" selling, serving, or furnishing alcoholic beverages on the "insured premises" during the policy period.

Your liquor liability policy provides a sub-limit of coverage for assault and battery style claims via endorsement to the policy under PA-LL01 10-07. A copy of the endorsement is attached here for your review and it replaces the following exclusion in its entirety:

k. Assault and/or Battery
"Injury" arising from:
(1) assault and/or battery committed by any "insured", any "employee" of an "insured", or any other person;
(2) The failure to suppress or prevent assault and/or battery by any person in subparagraph k.(1) above;
(3) The selling, serving or furnishing of alcoholic beverages which results in an assault and/or battery; or.
(4) The negligent:
    (a) Employment;
    (b) Investigation;
    (c) Supervision;
    (d) Reporting to the proper authorities, or failure to so report; or
    (e) Retention

of or by a person for whom any "insured" is or ever was legally responsible and whose conduct would be excluded by subparagraphs k.(1) through k.(3) above.

The following exclusions are contained in your liquor liability policy:

2. Exclusions to Coverage

This insurance does not apply to:

a. Expected or Intended Injury
"Injury" expected or intended from the standpoint of an "insured." This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

e. Other Acts
"Injury" caused directly or indirectly by any act of an "insured," an "employee" of an "insured," or anyone acting on behalf of an "insured" other than the selling, serving, or furnishing of any alcoholic beverage.

i. Other Insurance



**FOUNDERS**®
A pillar of strength. Since 1901.
Member of the Utica National Insurance Group

P.O. Box 5100, Des Plaines, IL 60017-5100
Phone   847.768.0068
Toll Free   888.676.4342
Fax   847.768.0078
www.foundersinsurance.com

"Injury" with respect to which other insurance is afforded, or would be afforded but for the exhaustion of the limits of insurance.

This exclusion does not apply if the other insurance responds to liability for "injury" imposed on an "insured" by reason of the selling, serving, or furnishing of any alcoholic beverage.

Slate holds a liquor liability insurance policy with FIC. That policy is intended to insure you against claims for the illegal selling, serving, or furnishing of alcoholic beverages. Your interests, and FIC's interests, may be better served by an investigation into the facts of this claim. There has been no indication yet given to FIC that Mr. Fine's injury was caused due to Slate's sale, service, or furnishing of alcohol. If Mr. Fine does state that his injury was caused by reason of your service of liquor, FIC will notify you as soon as possible. If you have not already done so, we suggest that you immediately follow-up with your general liability insurance carrier and report this incident to them.

In order to assist my investigation of this matter, contact me at the number listed below upon receipt of this letter. Please compile a list of employees who may have witnessed this alleged occurrence, as I will need to speak with them to begin my investigation. Please also take measures to preserve any incident reports and surveillance video.

This letter is sent to you to acknowledge that any action taken by FIC in the investigation, defense, or settlement, of this claim, shall not constitute or be construed as a waiver or an estoppel of any rights or defenses we have under the subject policy of insurance. FIC further reserves the right to deny coverage and withdraw from any further participation in the matter altogether, should facts be developed that determine the above captioned policy does not cover this loss. By naming the specific grounds for the possibility of no coverage or benefits, we do not waive any of our rights or any of the other provisions of the policy of insurance and specifically reserve all our rights and remedies under this policy and under the statutes and common law.

If you should have any questions regarding the content of this letter, please feel free to call me. If you should become aware of a lawsuit filed on behalf of Mr. Fine against Slate, you need to immediately notify FIC. Any failure on your part to notify FIC regarding a summons and complaint may further jeopardize your insurance coverage.

Sincerely,

Cort Fornero
(847) 795-3768
Founders Insurance Company
Senior Claim Specialist

cc:  Greenwald Berk Agency, LLC  *(Sent via Regular Mail only)*

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

## ASSAULT AND/OR BATTERY COVERAGE BUY-BACK

This endorsement modifies insurance provided under the following:

PENNSYLVANIA LIQUOR LIABILITY COVERAGE PART

In consideration of the additional premium charged for this endorsement, subparagraph k. Assault and/or Battery of **SECTION I – LIQUOR LIABILITY COVERAGE**, paragraph 2. Exclusions to Coverage, shall not apply and coverage for any "injury" that otherwise would be excluded by the Assault and/or Battery exclusion referenced herein shall be provided subject to the Limits of Insurance shown in the Declarations for this endorsement.  The Combined Single Limit and Aggregate Limit applicable to the coverage provided by this endorsement shall be the same and shall be shown as a single limit in the Declarations on the line on which this endorsement is listed.  Any coverage provided under the Limits of Insurance shown in the Declarations for this endorsement shall be subject to the Aggregate Limit applicable to the policy.

PA-LL01 (10/07)

EXHIBIT "E"

FORNERO's 04/04/13 LETTER



**FOUNDERS®**
A pillar of strength. Since 1901.
Member of the Utica National Insurance Group

P.O. Box 5100, Des Plaines, IL 60017-5100
Phone  847.768.0068
Toll Free  888.676.4342
Fax  847.768.0078
www.foundersinsurance.com

April 4, 2013                                   *Sent via Certified and Regular Mail*

Slate Bar & Lounge, LLC
2324 San Souci Pkwy.
Hanover Twp, PA 18706

RE:   *Fine v. Slate Bar and Lounge, Inc.*
     Court Number:     2076-2013
     Our Insured:     Slate Bar & Lounge, Inc.
     Date of Occurrence:     12/8/12
     Our Claim Number:     3712000147
     Our Policy Number:     LLPA000967

Dear Insured:

Please be advised that we have received a copy of the complaint captioned as *Bruce H. Fine v. Slate Bar and Lounge, Inc.*, which was filed in the Court of Common Pleas of Luzerne County, under Civil Action – Law No. 2076 of 2013.  According to the complaint, certain agents/employees of Slate Bar & Lounge (Slate) engaged in a scuffle with Fine and others, resulting in injury to Fine.  Specifically, it is alleged that Fine was stabbed by a member of the security staff of Slate while Fine and others were attempting to enter the bar to purchase some beer.  The complaint alleges negligence against Slate. For the foregoing reasons, Founders Insurance Company (FIC) denies having a duty to defend Slate in the *Fine* matter and will no longer provide a defense to Slate.

Founders issued a policy of insurance under policy number LLPA000967 to Slate with effective dates of August 15, 2012 to August 15, 2013.  Please refer to your **PENNSYLVANIA LIQUOR LIABILITY COVERAGE PART, PA-CSL 10-07,** which states as follows:

SECTION I -- LIQUOR LIABILITY COVERAGE

1. <u>Insuring Agreement</u>

        • We will pay those sums that an "insured" becomes legally obligated to pay as damages because of "injury" to which this insurance applies if liability for such "injury" is imposed on an "insured" by reason of the selling, serving, or furnishing of any alcoholic beverage; and
        • We will defend an "insured" against any "suit" seeking those damages.

The amount we will pay for damages is limited as described in LIMITS OF INSURANCE (Section III). No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under <u>Supplementary Payments</u> (Paragraph 3



P.O. Box 5100, Des Plaines, IL 60017-5100
Phone   847.768.0068
Toll Free   888.676.4342
Fax   847.768.0076
www.foundersinsurance.com

below).

We have no duty to defend an "insured" against any "suit" seeking damages for "injury" to which this insurance does not apply. We have the right to investigate any "injury," control the defense of any claim or "suit" that may result, and settle any such claim or "suit." Our right and duty to defend ends when we have exhausted the applicable limit of insurance in the payment of damages.

Subject to <u>Exclusions to Coverage</u> (Paragraph 2 below), this insurance applies to "injury" only if the "injury" occurs as a direct result of an "insured" selling, serving, or furnishing alcoholic beverages on the "insured premises" during the policy period.

The following exclusion is contained in your Liquor Liability policy:

2. <u>Exclusions to Coverage</u>

This insurance does not apply to:

e. Other Acts
"Injury" caused directly or indirectly by any act of an "insured," an "employee" of an "insured," or anyone acting on behalf of an "insured" other than the selling, serving, or furnishing of any alcoholic beverage.

Because none of the allegations contained in the complaint allege injury arising out of liability imposed on an insured by reason of the selling, serving, or furnishing of any alcoholic beverages, there is no coverage under the FIC policy of insurance.  Therefore, FIC will neither defend nor indemnify you for this loss and as such, will withdraw from further defense of this matter.  FIC further reserves the right to amend or otherwise supplement this letter or to deny coverage under any policy term, condition, provision, endorsement, and/or exclusion contained in the policy of insurance.

**If you have not already done so, we suggest that you immediately tender a copy of the lawsuit to your general liability insurance carrier, as that carrier may provide coverage for this lawsuit.**

If you have any questions regarding the content of this letter or if you have any additional materials you want us to consider, please forward them and feel free to contact me.



**FOUNDERS**®
A pillar of strength. Since 1901.
Member of the Utica National Insurance Group

P.O. Box 5100, Des Plaines, IL 60017-5100
Phone   847.768.0068
Toll Free   888.676.4342
Fax   847.768.0078
www.foundersinsurance.com

Sincerely,

Cort Fornero
(847) 795-3768
Founders Insurance Company
Senior Claim Specialist

cc:    Greenwald Berk Agency, LLC        *(Sent via Regular Mail only)*
       Thomas, Thomas & Hafer           *(Sent via E-Mail only)*