IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SLATE BAR & LOUNGE, INC., : CIVIL NO.: 3:15-cv-2251
    Plaintiff, :
: Magistrate Judge Saporito
v. :
:
FOUNDERS INSURANCE :
COMPANY, :
    Defendant. :

MEMORANDUM

This insurance coverage declaratory judgment action is before us on the motion for reconsideration (Doc. 20) filed by the defendant, Founders Insurance Company ("Founders"). Founders seeks reconsideration of our order (Doc. 19) denying its motion to dismiss for failure to state a claim. (Doc. 3). For the reasons set forth herein we will deny the motion for reconsideration.

I.    Background

As we write solely for the parties, we incorporate our recitation of the facts and applicable law set forth in our memorandum dated July 8, 2016. (Doc. 18). In its motion for reconsideration, Founders contends that we erred as a matter of law by denying its motion to dismiss claiming that we misinterpreted the scope of coverage available under the liquor

liability insurance policy issued by Founders to Slate Bar & Lounge, Inc. ("Slate Bar"). As the motion for reconsideration has been fully briefed, it is ripe for disposition.

II.  Legal Standards

Fed. R. Civ. P 60(b) provides in pertinent part, that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: . . . (6) any other reason that justifies relief." "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco v. Zlotnicki, 779 Fed. 906, 909 (3d Cir. 1985). A judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds. (1) an intervening change in controlling law; (2) the availability of new evidence that was not previously available; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).

III.  Discussion

As there is no intervening change in controlling law nor newly discovered evidence, Founders bases its motion for reconsideration on the

ground that there is a need to correct a clear error of law. In its brief, Founders has misinterpreted our decision. Founders maintains that we concluded that the subject policy "covers any claim by any person who is at the bar for any reason related to alcoholic beverages, regardless of whether there is a causal connection between the injury and the actual serving of alcoholic beverages by the bar." (Doc. 20-1, at 4). That was not our holding in ruling upon Founders' motion to dismiss. In our memorandum, we made it clear that the subject policy contained an assault and battery exclusion. (Doc. 18, at 10-11). This exclusion, as written, would have precluded coverage because the language was plain and unambiguous. We also found that Slate Bar paid for an endorsement to the policy whereby the assault and battery exclusion shall <u>not</u> apply and coverage for any injury that otherwise would be excluded by the assault and/or battery exclusion shall be provided. (<u>Id.</u> at 11). We based our decision on the assault and battery buy-back endorsement and specifically stated that without it, the original assault and battery exclusion would preclude coverage. (<u>Id.</u> at 12).

Further, we found that the assault and battery exclusion specifically excluded coverage for an "injury" arising from the selling, serving, or furnishing of alcoholic beverages which results in assault and/or battery. The buy back endorsement eliminated that portion of the exclusion as well as the remainder of it. (Id. at 12-13). It was on that basis that we found the facts alleged in the complaint of the underlying action created "the possibility that the underlying claim could be covered by the policy at issue." (Id. at 13).

While we agree with Founders' assertion that the assault and battery endorsement does not change the insuring agreement's language that the insurance applies to injury imposed on an insured by reason of the insured selling, serving, or furnishing alcoholic beverages on the insured premises, we cannot ignore the plain language of the endorsement. For example, the endorsement removes the assault and battery exclusion entirely. See Liberty Surplus Ins. Corp. v. McFadden at Ballpark LLC, 116 F. Supp. 3d 447 (E.D. Pa. 2015)(security staff attack on a departing patron of a tavern triggered liquor liability coverage where the insured purchased an assault and battery buy-back endorsement). Part of the exclusion from coverage involves the selling, serving, or

furnishing of alcoholic beverages which results in an assault and/or battery and the negligent employment, supervision, or retention of a person from whom the insured is legally responsible. Further, Founders attempts to limit coverage to a situation where the insured, in fact, sold, served, or furnished alcoholic beverages. (Doc. 20-1, at 3). The subject policy, however, requires that the injury be a direct result of the insured "selling, serving, or furnishing alcoholic beverages on the insured premises."

As we found in our memorandum, the facts alleged in the complaint of the underlying action create the possibility that the underlying claim could be covered by the policy at issue. (Doc. 18, at 13). Our denial of the motion to dismiss without prejudice leaves open the possibility that the issues may be revisited after the close of discovery in a motion for summary judgment.

Finally, Founders posits that our interpretation contravenes the plain language of the insuring agreement and produces an absurd result by transforming the liquor liability insurance policy into a policy covering general liability risks. (Doc. 20-1, at 6). We disagree. In support of this position, Founders cites two examples. In the first example, Founders

reasons that under our interpretation, if Fine alleged that he slipped and fell on a crack in the sidewalk outside of the Slate Bar while on his way to the bar to buy a beer, the claim would be covered because that would be a sufficient allegation of causal connection between the injury and Slate Bar's "selling, serving, or furnishing of any alcoholic beverage." Founders' example is unsound and would not result in liability. First, in this example, the incident did not occur on the insured premises as defined in the policy, and second, the "other acts" exclusion contained in the policy would preclude coverage because the injury would have been "caused directly or indirectly" by any act of an insured, its employee, or anyone acting on its behalf other than the selling, serving, or furnishing of any alcoholic beverage.

Similarly, coverage would be excluded by the "other acts" exclusion in the second example offered by Founders involving a claim by a delivery man for injuries resulting from a slip and fall on a defect in the bar's floor while delivering a keg of beer to the bar. In that example, the defect in the floor caused the injury. Founders fails to acknowledge that Slate Bar paid for and Founders accepted an additional premium to allow for coverage in a situation involving an assault and battery. Thus, we will

deny Founders' motion for reconsideration.

                                                **_s/ Joseph F. Saporito, Jr._**
                                                JOSEPH F. SAPORITO, JR.
                                                U.S. Magistrate Judge

Dated: January 9, 2017